# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| KATHY THOMAS | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-08-1085-HE |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Kathy Thomas instituted this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits and supplemental security income payments. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Bana Roberts, who recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings. The magistrate judge found that the administrative law judge failed to properly consider the work restrictions imposed by plaintiff's treating physician Thomas P. Janssen, M.D., in assessing plaintiff's residual functional capacity.

Having failed to object to the Report and Recommendation, the parties have waived their right to appellate review of the factual and legal issues it addressed. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996); see 28 U.S.C. § 636(b)(1)(C); LCvR72.1(a). Accordingly, the court adopts Magistrate Roberts's Report and Recommendation, **REVERSES** the final decision of the Commissioner, and **REMANDS** the

1

case for further proceedings consistent with the Report and Recommendation, a copy of which is attached to this order.

**IT IS SO ORDERED.**

Dated this 3 day of December, 2009.

*/s/ Joe Heaton*
JOE HEATON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHY THOMAS,                            )<br>                                                        )<br>            Plaintiff,                            )<br>                                                        )<br>vs.                                                   )<br>                                                        )<br>MICHAEL J. ASTRUE, Commissioner )<br>of the Social Security Administration,  )<br>                                                        )<br>            Defendant.                       ) | Case No. CIV-08-1085-HE |

## REPORT AND RECOMMENDATION

Kathy Thomas ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

### Administrative Proceedings

Plaintiff initiated these proceedings in September, 2006 by filing applications seeking disability insurance benefits and supplemental security income payments, alleging that she suffers from diabetes, high blood pressure, and asthma as well as from difficulties with her right rotator cuff, right knee, and heart, all of which became disabling as of November 17, 2004 [Tr. 85 - 87, 90 - 93, and 123 ]. Plaintiff's claims were denied initially and upon

reconsideration; at Plaintiff's request an Administrative Law Judge ("ALJ") conducted a March, 2008 hearing where Plaintiff, who was represented by counsel, and a vocational expert testified [Tr. 62 and 20 - 39]. In his July, 2008 decision, the ALJ found that while Plaintiff was unable to perform her past relevant work, she was able to perform other available jobs and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 8 - 19]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 4], and she subsequently sought review of the Commissioner's final decision in this court.

On the same day that she filed her opening brief in this appeal, Plaintiff filed a motion to supplement the record with medical evidence which she maintains should have been part of the original record of the case [Doc. No. 21]. Because Plaintiff did not request remand – the only remedy this court could provide in connection with evidence that is not a part of the certified transcript – the undersigned denied Plaintiff's motion to supplement the record [Doc. No. 30]. Plaintiff was given the opportunity to object to the undersigned's order, *id.* at 3. No objection was filed, briefing is now complete, and the matter is at issue.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the

2

court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

Plaintiff maintains that substantial evidence does not support either the ALJ's refusal to give controlling weight to the opinions of Plaintiff's treating physician, Dr. Janssen, or the ALJ's assessment of Plaintiff's residual functional capacity ("RFC").[1]

**Analysis**

The ALJ determined that Plaintiff – who has not worked since a November, 2004 work-related accident [Tr. 25] – was severely impaired by degenerative disc disease of the lumbar and cervical spine, derangement of the right knee, status post rotator cuff tear, diabetes mellitus, diastolic dysfunction, high blood pressure, obesity, and by the fact that she was a slow learner [Tr. 10]. Following consideration of the record, the ALJ assessed the following RFC: Plaintiff could lift and/or carry ten pounds both occasionally and frequently, she could stand and/or walk for at least two hours out of an eight-hour workday, and she could sit for at least six hours out of an eight-hour workday [Tr. 12]. The ALJ further determined that Plaintiff's capacity to perform this sedentary work was limited by her need to avoid above-the-shoulder work and concentrated exposure to dust and fumes as well as by her restriction to simple, repetitive tasks. *Id.*

In his review of the medical evidence of record, the ALJ made the following reference to Plaintiff's shoulder surgery and follow-up treatment by Dr. Janssen:

---

[1]Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

> On February 7, 2006, the claimant underwent an arthroscopic acrimioplasty, arthroscopic distal clavicle excision, open rotator cuff tear and insertion of a pain pump catheter of the right shoulder.
>
> Medical summaries dated July 19, 2006 provided by Thomas P. Janssen, M.D. revealed the claimant was five month status post rotator cuff repair to her right shoulder. Examination revealed good elevation and the claimant was reported as doing better as the pain experienced prior to surgery was alleviated. Dr. Janssen reported the claimant should return for follow-up in one month and that she was capable of working with restrictions. Anticipated maximum medical improvement was within one month. On August 17, 2006 Dr. Janssen released the claimant from his care with maximum medical improvement of the right shoulder following surgery. *The claimant's work restrictions were noted as five pounds lifting, pushing and pulling, and to limit overhead reaching and lifting.* Dr. Janssen was of the opinion that "she is not able to return to her former level of work and due to this I believe she is a candidate for vocational retraining." The claimant was instructed to return on an as-needed basis.

[Tr. 14, record references omitted, emphasis added). As to the weight accorded to Dr. Janssen's opinions on Plaintiff's functional capabilities, the ALJ determined that he

> gives less than controlling weight to the opinion of Dr. Janssen, the claimant's treating physician, as he was treating and assessing the claimant for worker's compensation purposes. Certain aspects of the doctor's opinion are in fact consistent with the residual functional capacity determined in this opinion, and further review reveals statements from Dr. Janssen releasing the claimant to return to work. However, such statements, made in the context of a state workers' compensation claim, are not dispositive of a claim made under Social Security. In a worker's compensation evaluation, the issue is a claimant's capacity to perform work that exists with a particular employer. By contrast, under Social Security, the issue is the claimant's residual functional capacity to perform work that exists in the much broader, national economy. While a workers' compensation finding of temporary total disability may have some value in assessing the residual functional capacity of a Social Security claimant, it cannot be given controlling weight. Accordingly, the undersigned gives only some weight to the claimant being on temporary disability pursuant to state law.

[Tr. 17].

5

Plaintiff does not challenge and, in fact, agrees with the ALJ that "Dr. Janssen's opinions regarding the Plaintiff's 'temporary total disability' would be largely irrelevant to her Social Security claim." [Doc. No. 19, p. 4]. She maintains, instead, the "[t]he issue that the decision fails to discuss is the opinion of Dr. Janssen upon the Plaintiff's ability to function in the work place upon his release of her from treatment. In his summary of the medical evidence, the ALJ referred to the restrictions given by Dr. Janssen (Tr. 14), but does not in fact discuss these specific work function restrictions in discounting the opinion of Dr. Janssen, and refusing to give it controlling weight." *Id.* at 4 - 5. Plaintiff argues that the ALJ erred by failing to give specific, legitimate reasons for rejecting Dr. Janssen's functional restrictions and that as a consequence neither his decision nor his RFC assessment in supported by substantial evidence. *Id.* at 5 - 6.

Under the law of the Tenth Circuit, "[a]ccording to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004). A sequential analysis must be undertaken by an ALJ when considering a treating source medical opinion which relates to the nature and severity of a claimant's impairments. *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). The first step, pursuant to Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *2, is to determine whether the opinion is well-supported by medically acceptable techniques. *Watkins,* 350 F.3d at 1300. At the second step, adjudicators are instructed that "[e]ven if well-supported by medically acceptable clinical and laboratory diagnostic techniques, the

6

treating source's medical opinion also must be 'not inconsistent' with the other 'substantial evidence' in the individual's case record." SSR 96-2p, 1996 WL 374188, at *2. If both of these factors are satisfied with regard to a medical opinion from a treating source, "the adjudicator must adopt a treating source's medical opinion irrespective of any finding he or she would have made in the absence of the medical opinion." *Id.* If, on the other hand, "the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins,* 350 F.3d at 1300.

Once the ALJ determines that a treating source opinion is not entitled to controlling weight, he must consider the weight he does give to such opinion "using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.'" *Id.* "Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." *Id.* at 1300-1301. If he rejects the opinion completely, the ALJ must offer specific and legitimate reasons for so doing. *Id.*; SSR 96-2p, 1996 WL 374188, at *4; *Miller v. Chater,* 99 F.3d 972, 976 (10th Cir. 1996).

Here, the Commissioner makes no attempt [Doc. No. 31, pp. 6 - 7] to defend the ALJ's rejection of Dr. Janssen's functional restrictions on the grounds that the physician

"was treating and assessing the claimant for worker's compensation purposes." [Tr. 17]. Rather, the Commissioner argues that Dr. Janssen's lifting/carrying restriction of five pounds is, in fact, consistent with the ALJ's ten pound restriction because Plaintiff could lift ten pounds with just her left arm or by using both arms. [Doc. No. 31, p. 6 - 7]. This argument assumes, of course, that Dr. Janssen's lifting/carrying restriction pertained *only* to Plaintiff's right arm. *Id.* A possible reading of Dr. Janssen's letter [Tr. 339] and work status report [Tr. 340] could indicate that the surgeon was referring only to Plaintiff's right arm when imposing the restrictions, but it is an equally plausible reading that Plaintiff was restricted from *any* lifting/carrying in excess of five pounds. Moreover, the Commissioner's explanations are not those of the ALJ but are, instead, post hoc rationalizations proffered by the Commissioner to fill the holes in the ALJ's decision. Such post hoc rationalizations are not favored in this circuit. *See Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004); *Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007).

Because proper consideration of the work restrictions imposed by Plaintiff's treating physician did not inform the ALJ's assessment of Plaintiff's RFC, remand is required.[2]

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

---

[2] Upon consideration of the evidence presented on remand, the adjudicator will have the opportunity to contact Dr. Janssen to determine his intentions in imposing the restrictions reflected in the letter and report and will also have the opportunity to consider Plaintiff's request to be given a neuropsychological evaluation.

8

The parties are advised of their right to object to this Report and Recommendation by November 17, 2009, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 28th day of October, 2009.

/s/ Bana Roberts
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE